**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL JONES DE SOUZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | Civil Action No. 1:26-CV-12968-AK |
| v. ) | |
| ) | |
| ANTONE MONIZ, Superintendent, ) | |
| Plymouth County Correctional Facility; and ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**KELLEY, D.J.**

Before the Court is Petitioner Michael Jones De Souza's second Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, seeking his immediate release, or in the alternative, a

bond hearing pursuant to 8 U.S.C. § 1226(a). [Dkt. 1].  For the reasons set out below, the Petition

is **GRANTED**.

## I.     BACKGROUND

Petitioner's first Petition was dismissed as moot by Judge Gorton after he received a bond

hearing pursuant to 8 U.S.C. § 1226 on March 12, 2026. De Souza v. Hyde, No. 26-CV-10897

(D. Mass. Apr. 8, 2026).  On February 25, 2026, Petitioner was arrested and taken into custody

by Immigration and Customs Enforcement ("ICE") agents at his Asylum Interview at the Boston

Asylum Office. Id. at Dkt. 1.  On March 12, 2026, Petitioner received a bond hearing pursuant to

§ 1226 in the Chelmsford Immigration Court. Id. at Dkt. 11.  At his bond hearing, the

Immigration Judge ("IJ") denied bond after determining the Petitioner posed a danger to the community by clear and convincing evidence. Id.

On June 29, 2026, De Souza, proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus before the Court. [Dkt. 1].  Petitioner now appears to challenge the IJ's decision, asserting his detention is in violation of the Immigration and Nationality Act and the Due Process Clause of the Constitution. [See id.].  Petitioner further asserts that his detention is unconstitutional because he has been held for an extended period without a bond or review, citing Zadvydas v. Davis, 533 U. S. 678 (2001).[1]  Petitioner seeks immediate release or an alternative order of a bond hearing in which the government must prove by clear and convincing evidence that his continued detention is necessary.

Respondents oppose the Petition for failure to exhaust administrative remedies and contend that the bond hearing was constitutional. [Dkt. 10].  They argue that the IJ rightly determined that Petitioner was a danger to the community based upon a 2016 conviction for assault and battery on a family member, as well as a number of abuse prevention orders that were issued against Petitioner. [Dkt. 10 at 2].  The record before the Court includes an audio recording of the bond hearing, where the IJ heard arguments from the parties concerning Petitioner's flight risk and dangerousness to the community. [Dkt. 14].  The IJ also issued a one-paragraph decision order where she checked a box on a preprinted form denying bond and finding that Petitioner poses a danger to the community by clear and convincing evidence. [Dkt. 10-4].

---

[1] Here, Petitioner does not have a final removal order and has been held pursuant to 8 U.S.C. § 1226(a), and not § 1231.  Accordingly, Petitioner's claim under Zadvydas is inapplicable at this time. See Zadvydas, 533 U.S. at 678 (holding that under § 1231, six months is a presumptively reasonable duration of detention for noncitizen subject to final order of deportation).

## II.    DISCUSSION

To the extent Petitioner asks the Court to reweigh the evidence against him and reach a different conclusion, the Court lacks jurisdiction to do so. See 8 U.S.C. § 1226(e) ("[D]iscretionary judgment[s] regarding the application of [Section 1226] shall not be subject to review."); Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 144 (D. Mass. 2019) (finding that court lacks jurisdiction over "immigration judge's weighing of evidence and exercise of discretion with respect to dangerousness."); Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 474-75 (D. Mass. 2010) (same). Courts, however, do have jurisdiction to consider a challenge that a bond record "'could not—as a matter of law—have supported' the immigration judge's decision to deny bond." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019) (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). A court examining such challenges must be "mindful of [its] obligation to afford. . . a degree of deference to the [factfinder's] determinations." United States v. Tortora, 922 F.2d 880, 882 (1st Cir. 1990). The court may not consider a petitioner's disagreement with the IJ's weighing of the evidence and exercise of discretion with respect to dangerousness. Diaz Ortiz, 384 F. Supp. 3d at 144. Nonetheless, the court can consider the petitioner's claim that the bond hearing violated due process. See Massingue v. Streeter, No. 19-CV-30159, 2020 WL 1866255, at *4 (D. Mass. Apr. 14, 2020) (finding weight of authority in this district confirms court's jurisdiction to determine whether bond hearing in compliance with constitutional standards). Accordingly, the Court may review the bond hearing and assess whether the Petitioner's bond hearing conformed to the standards set forth in the First Circuit and the burdens of proof as required by the Constitution's guarantee of due process. See Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021) (holding due process required government to bear burden of proving danger or flight risk).

At the bond hearing, the IJ heard arguments from Respondents asserting that Petitioner is a danger and a flight risk based upon his criminal history and B2 Visitor Visa overstay. The evidence by Respondents included a 2016 conviction for larceny and assault and battery on a family member, and charges of domestic abuse in 2020, 2021, and 2022, which were dismissed or adjudicated as not guilty. [Dkt. 14 at 1:25-2:40]. Petitioner, through counsel, highlighted that he has been in the United States for 28 years, with strong community ties, and he owns and operates his own business. [Id. at 2:40-9:20]. Petitioner argued that the criminal charges were stale and that his only conviction was 10 years ago. [Id.]. Petitioner provided 25 letters in support of his character, including one from his son who was present at the criminal incident and one from the ex-partner herself. There were no police reports or restraining order narratives submitted, only Petitioner's criminal record. Petitioner also suggested alternatives to detention such as an ankle monitor or higher amount of bond. [Id.].

The IJ found that, notwithstanding the community ties and letters of support, the Petitioner was a danger to the community by clear and convincing evidence. [Id. at 9:20-11:08]. The IJ based her finding on Petitioner's prior criminal history as well as the multiple restraining orders taken out against Petitioner, the most recent one lasting 2 years. [Id.]. The IJ, however, did not make any finding as to alternatives to detention in her decision. At no point did the IJ address GPS monitoring or any other alternative to detention that might be available in combination with a bond. [See id.].

After careful consideration, the Court concludes that the bond hearing held in this case was deficient and thus did not comport with the requirements of due process. The IJ failed to consider whether any alternatives to detention existed that would ensure the safety of the community notwithstanding the evidence of dangerousness advanced by the government. See

4

Costa v. McDonald, No. 25-CV-13469, 2026 WL 371198, at *2-3 (D. Mass. Feb. 10, 2026) (holding that, by failing to consider alternatives to detention, "the Government failed to provide Petitioner with constitutionally sufficient procedure" and discussing supporting caselaw).  This failure is especially glaring where Petitioner submitted multiple letters of support and expressly requested that the IJ consider such alternatives during the bond hearing.  The IJ based her decision upon a 2016 conviction and inferences from Petitioner's restraining order history, without stating why no alternatives could mitigate the purported current danger to the community.

Here, no police reports or restraining order narratives were submitted for the IJ to consider and Petitioner has no current criminal matters pending.  This Court has found similar instances where the immigration court failed to consider alternatives to detention, rendering the bond hearing constitutionally deficient. See Mijango Velasco v. Wesling, No. 26-CV-11355, at Dkt. 19 (D. Mass. Apr. 24, 2026) (where the IJ found a danger to the community by clear and convincing evidence on the basis of police reports unsupported by witness testimony or other exhibits, even though no charges had led to convictions, while simultaneously giving no consideration at all to fulsome evidence presented by the petitioners seeking bond); Rogerio Ramos v. Moniz, No. 26-CV-11388, at Dkt. 19 (D. Mass. Apr. 27, 2026) (same).  Indeed, "[i]n light of the heavy burden on the government to prove dangerousness by clear and convincing evidence, and the immigration court's failure to consider alternative conditions of release, Petitioner has adequately demonstrated prejudice." Vieira v. Moniz, No. 19-CV-12577, 2020 WL 488552, at *4 (D. Mass. Jan. 30, 2020).  Accordingly, the Court finds that Respondents are required to provide Petitioner a new bond hearing pursuant to the requirements of § 1226 and due process.

**III.    CONCLUSION**

For the foregoing reasons, De Souza's Petition is **GRANTED**.  Respondents are

**ORDERED** to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within **ten**

**(10) calendar days** of this Order, subject to any requests for continuances from Petitioner.  The

parties are **ORDERED** to file a status report within **fourteen (14) calendar days** from this

Order stating whether Petitioner has been granted bond and, if his request for bond was denied,

the reasons for that denial.

**SO ORDERED.**

Dated: July 30, 2026                                            /s/ Angel Kelley
                                                                       Hon. Angel Kelley
                                                                       United States District Judge